ROGERS & SONS *versus* SMILEY & GRIFFIN.

1. It is not competent for a court of law, to dismiss a suit, commenced in such court, and to enter up judgment for cost against a plaintiff, on the ground, that the plaintiff has been perpetually enjoined in chancery from proceeding.

2. In such case, if the plaintiff does not discontinue his action, it becomes destroyed of itself; and the proper practice would seem to be, for the court of law, on being certified of the injunction, to order the matter spread upon the record, where it would remain.

The plaintiffs in error commenced an action at law in the Circuit Court of Tuskaloosa, against the defendants, which action, became perpetually enjoined in chancery. The Circuit Court afterwards dismissed the action at law, at the plaintiffs' costs ; to correct which decision the case came to this court.

*Crabb*, for Plaintiff—*Ellis, contra.*

LIPSCOMB, C. J.—This case comes before us on a writ of error from the Circuit Court for the county of Tuskaloosa. The plaintiffs in error had instituted a suit against the defendants. The defendants obtained from the court of chancery, an injunction, restraining the plaintiffs from further prosecuting their suit. This injunction was afterwards, by a decree of the chancellor, made perpetual. After the decree, which perpetually enjoined the plaintiffs from proceeding, was entered, the Court of law dismissed the plaintiffs suit, and gave judgment against them for cost. This judgment is now sought to be reversed.

It is not deemed by the court at all material, now to enquire, whether it is competent for the Circuit court in the exercise of common law jurisdiction, to

dismiss a suit. It is certain that the statutes in some cases, tolerate the use of the term as applicable to a suit at law, and make it obligatory on the court to dismiss suits; and judgments of dismissal, are expressly recognised in the bill of costs, authorised to be taxed. The present is not, however, one of the cases embraced by statute.

It would be as little profit to enquire whether an injunction operated exclusively on the parties, or on the court and the parties jointly.

We are not disposed, in this investigation to settle between the courts of chancery and the court of law, the delicate question of power and privilege. It seems, however, very clear to us, that if the injunction had any restraining influence on the court of law, that it would operate effectually to prevent any final order or judgment from being rendered in the case. It either fully and completely effected what it had assumed to do, that is, stopped the plaintiffs from proceeding altogether and entirely, or it interposed no bar, and the plaintiffs were at liberty to proceed regardless of its power. In either case, it was not competent for the court to dismiss the suit and enter up a judgment for costs against the plaintiffs. If the plaintiffs were not restrained from proceeding further, the Court should have left it to their choice to proceed or discontinue. There is much force in the argument of the counsel for the plaintiffs, that by rendering this judgment against them, they would be thrown out of court, although the decree perpetuating the injunction, might be reversed, and the injunction dissolved. The plaintiffs, without any fault on their part, would, in that event, not only pay costs, but be compelled, after years of delay, to commence suit again.

It was certainly competent for the chancellor, in entering up the final decree, to have required the plaintiffs to pay the costs, that defendants had been subjected to at law; but if there was no provision made, disposing of the question of the cost that had been expended, there could be no judgment at law for that purpose. We believe that on the perpetual injunction being certified to the court of law, the only order that ought to have been taken, should have been to have the matter spread on the record, and there it should have rested without any judgment. We will, therefore, reverse the judgment of the Circuit court, and give the judgment for the cost of this court, to the plaintiffs in error. We will remand the proceedings, that the Circuit court may take the order on it above indicated.

The clerk will not, of course, continue it on the docket of causes for trial; it will be dropped from the docket, and should the bar ever be removed, by reversing the decree perpetuating the injunction, the plaintiffs will again be in court, with their suit, ready for a hearing, with the loss of nothing but the time consumed by the suit in chancery.

SAFFOLD, J. not sitting.